**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                    **CASE NO. 3:25cr178-MCR**

**MATTHEW J MURILLO,**

    **Defendant.**

_____/

## ORDER

Defendant Matthew J. Murillo is charged in a four-count superseding indictment with participating in a drug trafficking conspiracy, possessing methamphetamine with intent to distribute, possessing a firearm in furtherance of the drug trafficking crimes, and possessing a firearm and ammunition while knowing he was a convicted felon.[1]  ECF No. 62.  The Government has filed a Rule 404(b) Notice of its intent to introduce at trial evidence of two 2021 Florida convictions. *See* Fed. R. Evid. 404(b).  Murillo objects and seeks to exclude the Rule 404(b) evidence.  The Court has reviewed the Parties' arguments and the record, as supplemented by the Government, and overrules the objection.

---

[1] Count Four, possession of a firearm by a convicted felon, lists three prior felony convictions—a 2018 Nevada conviction of possessing, receiving, or transferring a stolen vehicle and two 2021 convictions involving drug possession, possession of a firearm by a convicted felon, and possession of a short-barreled rifle.

The Government intends to admit certified records documenting the following state court convictions to show Defendant's intent, knowledge, and absence of mistake or lack of accident:

(1) October 8, 2021—a conviction for possession of a firearm by a convicted felon, possession of controlled substance (two counts), possession of drug paraphernalia, no vehicle registration, and an expired driver's license, filed in the Circuit Court in and for Escambia County, Florida, Case No. 2020-CF-4926A, and

(2) October 8, 2021—a conviction for possession of a firearm by a convicted felon from another state, possession of a short-barreled rifle, possession of a controlled substance, and possession of a firearm with altered or removed serial numbers, filed in the Circuit Court in and for Escambia County, Florida, Case No. 2021-CF-2344A.

*See* ECF No. 55. Murillo was sentenced to four years in prison.

Murillo seeks to exclude the evidence, arguing that the prior convictions amount to improper character evidence and the probative value of this evidence is outweighed by its prejudicial impact, even with appropriate instructions. Murillo also argues that the Notice is technically deficient due to the Government's failure to include an adequate explanation for how this evidence will be used. The Court disagrees.

Under Rule 404(b), evidence of other crimes is inadmissible to prove that a defendant acted in conformity with his character but are admissible for other

purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1) & (2). It is beyond dispute that the Eleventh Circuit views this as "a rule of inclusion" and cautions that Rule 404(b) evidence "should not be lightly excluded when it is central to the prosecution's case." *United States v. Booker*, 136 F.4th 1005, 1013 (11th Cir. 2025) (internal quotations omitted); *see also United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008) (stating the rule of inclusion applies unless the evidence "tends to prove only criminal propensity" (internal quotation omitted)). That said, the district court exercises considerable discretion in determining the admissibility of Rule 404(b) evidence.[2] The Court applies a three-part test, considering: (1) whether the act is relevant to an issue other than the defendant's character; (2) whether there is sufficient evidence for a jury finding, by a preponderance of the evidence, that the defendant committed the act; and (3) whether the probative value of the evidence is substantially outweighed by the

---

[2] Citing out-of-circuit cases, Murillo contends that the Court should exercise discretion to apply a stricter test for admissibility than the traditional liberal rule of inclusion. *See United Sates v. Gomez*, 763 F.3d 845 (7th Cir. 2014); *United States v. Smith*, 725 F.3d 340 (3d Cir. 2013). The Court recognizes that there is considerable discretion to be exercised within the analysis but also hews close to the Eleventh Circuit's long-established and often-repeated view that Rule 404(b) is a rule of inclusion. *See, e.g., Booker*, 136 F.4th at 1013.

CASE NO. 3:25cr178-MCR

danger of undue prejudice or other Rule 403 concerns.[3] *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

First, Murillo's prior convictions are relevant. A defendant who pleads not guilty "makes intent a material issue, imposing a substantial burden on the government to prove intent." *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Relevance is determined by comparing the respective state of mind requirements for the prior crimes and the charged offenses. *Id.*; *United States v. Cenephat*, 115 F.4th 1359, 1366 (11th Cir. 2024) ("Where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." (internal quotation omitted, alteration accepted)), *cert. denied,* 145 S. Ct. 1340 (2025). The knowledge and intent required for the prior firearm and drug crimes (i.e., knowledge and intent to possess a firearm, ammunition, and drugs) are not only comparable, they are the same knowledge and intent required for the current charges, despite the slight differences between the prior crimes and the actual

---

[3] The evidence must satisfy Rule 403, which allows the exclusion of relevant evidence only "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In reviewing evidence under Rule 403, the Eleventh Circuit instructs courts to ordinarily strike the balance in favor of admissibility, viewing the evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007) (quoting *United States v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006)).

CASE NO. 3:25cr178-MCR

crimes currently charged.  *See, e.g., Cenephat*, 115 F.4th at 1366 (identifying the existence of "a logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time" (internal quotations omitted)); *United States v. Matthews,* 431 F.3d 1296, 1311 (11th Cir. 2005) (stating, "circuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy"); *United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997) (finding relevant "evidence of prior personal drug use to prove intent in a subsequent prosecution for distribution of narcotics"). The first prong of the Rule 404(b) analysis is met.[4]

The second prong requires consideration of whether a jury could find by a preponderance of evidence that Murillo committed the other crimes.  In light of the Government's supplemental submission of the Sentencing Recommendation, signed by Murillo, the evidence does present a factual basis from which a jury could find by a preponderance of the evidence that he committed the acts.  *See United States v. Green*, 873 F.3d 846, 866 & n.11 (11th Cir. 2017) (noting Florida's procedures for a *nolo* plea require a factual basis but requiring the Government in the Rule 404(b)

---

[4] The prior traffic misdemeanors listed in the evidence, however, have no probative value as to Murillo's intent and knowledge for purposes of the drug and firearm charges.  Therefore, the Government is required to redact them as irrelevant.

CASE NO. 3:25cr178-MCR

context to show that the requirements actually satisfy the preponderance of the evidence standard); *see also United States v. Weathers*, Case No. 3:18cr16, ECF No. 42 (N.D. Fla. July 5, 2018) (accepting a Sentencing Recommendation as sufficient proof of the factual basis).

Murillo also argues that the prejudicial impact of these prior convictions outweighs their probative value.  The Court disagrees.  Exclusion is justified only if the prior act is "*substantially outweighed*" by the potential for unfair prejudice. *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (emphasis in original).  This determination requires "a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness."  *United States v. Perez,* 443 F.3d 772, 780 (11th Cir. 2006). Murillo has not identified any circumstances or basis for concluding that the prior convictions' probative value is substantially outweighed by unfair prejudice in this instance.  Given the similarity of the crimes, which shows Murillo's knowledge and intent to possess firearms and narcotics; the proximity between his prior crimes and the current charges, which shows that Murillo was arrested on the current charges less than seven months after being released from prison on the 2021 convictions; the Government's need to prove intent as central to its case; and the lack of any

CASE NO. 3:25cr178-MCR

circumstances that would justify finding unfair prejudice, the balance strikes in favor of admissibility. *Edouard,* 485 F.3d at 1344 n.8; *see also United States v. Pollock,* 926 F.2d 1044, 1049 (11th Cir. 1991) (where there is "limited evidence of conspiratorial intent, the prior convictions [a]re that much more probative").

Murillo further argues that the Notice fails to comply with the Rule. Again, the Court disagrees. Rule 404(b)(3) requires the Government to "articulate in the notice the permitted purpose" for which the evidence will be offered "and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3); *see also Cenephat,* 115 F.4th at 1366. Here, the Government's statement that the evidence will be used to prove Murillo's intent, knowledge, and absence of mistake articulates a non-propensity purpose. And the Government reasoned, with supporting case law, that by pleading not guilty, Murillo has placed his intent at issue, requiring proof. The Rule requires nothing more.

Accordingly, Murillo's request to exclude the evidence of his prior state court convictions, ECF No. 57, is **DENIED** and his objection to the Notice is **OVERRULED**, with the exception that the Government must redact the traffic misdemeanor convictions as irrelevant.

CASE NO. 3:25cr178-MCR

**DONE AND ORDERED** this 7th day of April 2026.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:25cr178-MCR